# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles Allen, | |
| Plaintiff, | Case No. 0:22-cv-1944 |
| vs. | |
| Metropolitan Life Insurance Company, | **COMPLAINT** |
| Defendant. | |

Plaintiff, for his Complaint against Defendant, states and alleges:

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Metropolitan Life Insurance Company may be found in this district. In particular, Metropolitan Life Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing business with Minnesota

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3.   On information and belief, Defendant Metropolitan Life Insurance Company insures the employee benefit plan ("Plan") that Anheuser-Busch Companies, LLC. created and maintains to provide its employees with income protection should they become disabled.

4.   On information and belief, Defendant Metropolitan Life Insurance Company is a corporation organized and existing under the laws of the State of New York and is the insurer and claims administrator for the Plan.

5.   Plaintiff is a resident and citizen of the United States, an employee of Anheuser-Busch Companies, LLC. and a participant in the Plan.

6.   As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7.   On information and belief, Plaintiff was covered at all relevant times under group disability policy number 96661-1-G which was issued by Metropolitan Life Insurance Company to Anheuser-Busch Companies, LLC. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8.   On information and belief, Metropolitan Life Insurance Company both funds the Plan and decides whether participants will receive benefits under the

Plan. Accordingly, Metropolitan Life Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Metropolitan Life Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10.     The Plan is an ERISA welfare benefit plan.

11.     Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12.     Under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

13.     Plaintiff became disabled under the terms of the Plan's policy on or about March 2, 2021 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14.     Plaintiff submitted a timely claim to Metropolitan Life Insurance Company for disability benefits.

15.     Metropolitan Life Insurance Company denied Plaintiff's claim for disability benefits because Metropolitan Life Insurance Company alleged that Plaintiff's "[m]edical on file does not support disability from the date of disability March 2, 2021 through the elimination period to the benefit start date of August 29, 2021." Plaintiff appealed Metropolitan Life Insurance Company's decision, but Metropolitan Life Insurance Company denied Plaintiff's appeal on June 30, 2022.

16.     Plaintiff provided Metropolitan Life Insurance Company with substantial medical evidence demonstrating he was eligible for disability benefits.

17.     The medical evidence Plaintiff provided included a finding from Metropolitan Life Insurance Company that Plaintiff was "disabled" and entitled to short-term disability benefits from January 2021 to August 2021.

18.     Metropolitan Life Insurance Company previously concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule, and approved Plaintiff's claim for short-term disability benefits from January 2021 to August 2021.

19.     The medical evidence Plaintiff provided also included medical records and reports from Plaintiff's treating physicians.

20.     One of Plaintiff's treating physicians, Dr. Vincent Mandola, specifically stated that Plaintiff should be removed from ALL work activities from March 2, 2021 to March 2, 2022.

21.     The medical evidence Plaintiff provided also included was medical records from MD Anderson Cancer Center that showed Plaintiff needing to start another round of chemotherapy in December 2021/January 2022.

22.     Metropolitan Life Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. Metropolitan Life Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

    b. Metropolitan Life Insurance Company relied on the opinion of a medical professional who was financially biased by his/her relationship with Metropolitan Life Insurance Company and as such unable to offer an unbiased opinion;

c. Metropolitan Life Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d. Metropolitan Life Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

e. Metropolitan Life Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f. Metropolitan Life Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

23.     Metropolitan Life Insurance Company abused its discretion in denying Plaintiff's claim.

24.     The decision to deny benefits was wrong under the terms of the Plan.

25.     The decision to deny benefits was not supported by substantial evidence in the record.

26.     Metropolitan Life Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

27.     Metropolitan Life Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from August 29, 2021 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

28.     Metropolitan Life Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

29.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare he fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums he paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Metropolitan Life Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1.  A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present;

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action; and

8. Any other legal or equitable relief the Court deems appropriate.

Dated: 8/03/2022                         RESPECTFULLY SUBMITTED,

By: */s/ Blake Bauer*
Blake Bauer (MN Bar # 0396262)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Blake@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*